1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICHARD MANUEL BURGOS,                    No.  2:14-cv-1914-EFB P

12              Plaintiff,

13         v.                                   ORDER GRANTING IFP AND DISMISSING
                                                COMPLAINT WITH LEAVE TO AMEND
14    RAYMOND DOWLING, et al.,                  PURSUANT TO 28 U.S.C. § 1915A

15              Defendants.

16

17         Plaintiff, a former state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983,[1] plaintiff has filed an application to proceed in forma pauperis pursuant to 28

19    U.S.C. § 1915.  His application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20    Accordingly, plaintiff's application for leave to proceed in forma pauperis is granted.

21    **I.    Screening Requirement and Standards**

22         Having granted plaintiff's application the court must engage in a preliminary screening of

23    his complaint.  28 U.S.C.  § 1915A(a).  The court must identify cognizable claims or dismiss the

24    complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to

25    state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who

26    is immune from such relief."  *Id.* § 1915A(b).

27         [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
      § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local
28    Rules, Appx. A, at (k)(4).

1

1      A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

2  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

3  plain statement of the claim showing that the pleader is entitled to relief, in order to give the

4  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

5  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

6  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

7  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

8  U.S. 662, 679 (2009).

9      To avoid dismissal for failure to state a claim a complaint must contain more than "naked

10  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

11  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

12  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

13  678.

14      Furthermore, a claim upon which the court can grant relief must have facial plausibility.

15  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

16  content that allows the court to draw the reasonable inference that the defendant is liable for the

17  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

18  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

19  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

20  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

21  **II.    Screening Order**

22      Plaintiff's complaint (ECF No. 1) must be dismissed with leave to amend for failure to

23  state a claim.  He alleges that he ordered replacement foam pillows, which he needs for a variety

24  of medical reasons.  Defendants Medina and Dowling allegedly determined that the pillows had

25  not been properly ordered and returned the package to the sender.  Plaintiff does not allege why

26  defendants Medina and Dowling determined that the pillows were improperly ordered or whether

27  they were correct in making this determination.

28  /////

1         Defendants Clark, Estrella, Fleischman, Dawson, Rios, McGhee, Lewis, and Cervantes

2    are all alleged to have had some involvement in the processing of plaintiff's related

3    administrative appeals by screening them out, accepting them for review, and/or denying them.

4    Although plaintiff labels some of these decisions as "improper," he does not plead facts showing

5    that any of the defendants' responses to his appeals were retaliatory in nature or with deliberate

6    indifference to plaintiff's serious medical needs.

7         In addition, plaintiff claims he wrote letters to defendant Warden Swarthout about his

8    appeals being screened out and/or denied.  There are no facts showing how defendant Swarthout

9    was personally involved in any violation of plaintiff's federal rights.

10         Plaintiff claims that all of the defendants violated his rights under the First Amendment

11    and Eighth Amendment.  Under the applicable standards, discussed below, plaintiff fails to state a

12    proper claim for relief.  To proceed, plaintiff must file an amended complaint.

13         To state a claim under 42 U.S.C. § 1983, plaintiff must allege two essential elements: (1)

14    that a right secured by the Constitution or laws of the United States was violated, and (2) that the

15    alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*,

16    487 U.S. 42, 48 (1988).   An individual defendant is not liable on a civil rights claim unless the

17    facts establish the defendant's personal involvement in the constitutional deprivation or a causal

18    connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

19    *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

20    (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable

21    for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679

22    (2009).  Instead, he must identify the particular person or persons who violated his rights.  He

23    must also plead facts showing how that particular person was involved in the alleged violation.

24         To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

25    plaintiff must establish that he had a serious medical need and that the defendant's response to

26    that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

27    *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to

28    treat the condition could result in further significant injury or the unnecessary and wanton

3

1    infliction of pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial,

2    delay or intentional interference with medical treatment or by the way in which medical care is

3    provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

4           To act with deliberate indifference, a prison official must both be aware of facts from

5    which the inference could be drawn that a substantial risk of serious harm exists, and he must also

6    draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if

7    he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing

8    to take reasonable measures to abate it."  *Id.* at 847.  A physician need not fail to treat an inmate

9    altogether in order to violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*,

10   884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition,

11   even if some treatment is prescribed, may constitute deliberate indifference in a particular case.

12   *Id.*

13          It is important to differentiate common law negligence claims of malpractice from claims

14   predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.

15   In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

16   support this cause of action."  *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.

17   1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391

18   F.3d 1051, 1057 (9th Cir. 2004).

19          There are no constitutional requirements regarding how a grievance system is operated.

20   *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of

21   a liberty interest in the processing of his appeals does not violate due process because prisoners

22   lack a separate constitutional entitlement to a specific prison grievance system).  Thus, plaintiff

23   may not impose liability on defendants simply because they played a role in processing plaintiff's

24   inmate appeals.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative

25   "grievance procedure is a procedural right only, it does not confer any substantive right upon the

26   inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural

27   /////

28   /////

4

1   protections envisioned by the fourteenth amendment. . . .  Thus, defendants' failure to process any

2   of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations

3   omitted)).

4          To state a viable First Amendment retaliation claim, a prisoner must allege five elements:

5   "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3)

6   that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

7   Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

8   *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  Conduct protected by the First

9   Amendment includes communications that are "part of the grievance process."  *Brodheim v. Cry*,

10  584 F.3d 1262, 1271 n.4 (9th Cir. 2009).  If plaintiff intends to assert a retaliation claim, he must

11  specifically identify the protected conduct at issue, name the defendant who took adverse action

12  against him, and plead that the allegedly adverse action was taken "because of" plaintiff's

13  protected conduct.

14         Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

15  cognizable legal theory against a proper defendant and sufficient facts in support of that

16  cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

17  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

18  their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

19  shall clearly set forth the claims and allegations against each defendant.

20         Any amended complaint must not exceed the scope of this order and may not add new,

21  unrelated claims.  Further, any amended complaint must cure the deficiencies identified above

22  and also adhere to the following requirements:

23         Any amended complaint must identify as a defendant only persons who personally

24  participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

25  *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

26  constitutional right if he does an act, participates in another's act or omits to perform an act he is

27  legally required to do that causes the alleged deprivation).  It must also contain a caption

28  including the names of all defendants.  Fed. R. Civ. P. 10(a).

1    Any amended complaint must be written or typed so that it so that it is complete in itself

2  without reference to any earlier filed complaint.  L.R. 220.  This is because an amended

3  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

4  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

5  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

6  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

7  1967)).

8    Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil

9  Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

10  *See* E.D. Cal. L.R. 110.

11    Accordingly, IT IS HEREBY ORDERED that:

12    1. Plaintiff's request to proceed in forma pauperis (ECF No. 9) is granted.

13    2. The complaint is dismissed with leave to amend within 30 days.  The amended

14  complaint must bear the docket number assigned to this case and be titled "First Amended

15  Complaint."  Failure to comply with this order will result in this action being dismissed for failure

16  to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will

17  proceed with service of process by the United States Marshal.

18  Dated:  October 19, 2015.

19

20    EDMUND F. BRENNAN
      UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28